F I L E D

2013 MAY -1 AM 9: 03

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FLOYD BRISSETTE, SR., | Civil No. 12cv1096 AJB (WMc) |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTIONS** |
| v. | |
| MATTHEW CATE, Secretary, et al., | **(ECF Nos. 24, 26, 28, 30)** |
| Respondent. | |

**Introduction**

Petitioner, Thomas Brissette, proceeds *pro se* and *in forma pauperis* with a petition for writ of habeas corpus. (ECF No. 1). Brissette challenges the Board of Parole Hearings' ("Board") May 2007 initial parole denial and April 2010 administrative review denial. (ECF No. 1 at 7). Presently before the Court is Brissette's motion to appoint counsel (ECF No. 24), motion to stay and motion for reconsideration (ECF No. 26), motion for order to have property issued (ECF No. 28), and motion to end the stay (ECF No. 30). Respondent has not filed an opposition to Brissette's motions.

**Motion to Appoint Counsel and Motion for Reconsideration**

The Court denies Brissette's request for counsel because the appointment of counsel is not necessary to avoid due process violations in the instant action. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) ("[T]he sixth amendment right to counsel does not apply in habeas corpus actions."); *Chaney v. Lewis*, 801 F.2d 1191,

1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Further, Brissette has not shown that he has been unable to articulate his positions because of the complexity of the claims. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (observing that the decision to appoint counsel turns on petitioner's ability to articulate claims in light of the complexity of the issues and the likelihood of success on the merits).

Although Brissette's motion demonstrates a general lack of familiarity with the procedural posture of the case, Brissette has sufficiently articulated the substance of his underlying claims: Brissette contests the Board of Parole's May 2007 parole denial and April 2010 three-year parole review as lacking "some evidence" to support the denial and the alleged violation of his plea deal. (ECF No. 1). Also, at this stage of the litigation, there is very little likelihood of success of the merits. Indeed, Respondent moved to dismiss Brissette's petition as untimely, arguing that Brissette's claims exceeded by 459 and 110 days, respectively, the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* (ECF No. 20). Respondent's calculations credit Brissette with statutory tolling, but Respondent contests the application of equitable tolling because Brissette has neither requested equitable tolling nor provided any argument or reasoning for his delay. *Id*. Moreover, even assuming Brissette can overcome Respondent's motion to dismiss, Brissette still faces an uphill battle to prevail on his petition. *See Swarthout v. Cooke*, 131 S.Ct. 859 (2011). Accordingly, Brissette's request for the appointment of counsel is denied.

The Court also denies Brissette's motion for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*. Here, however, Brissette has

failed to alleged any new or different facts which did not exist or were not shown in his prior application. Accordingly, Brissette's motion for reconsideration of the Court's prior order is denied.

**Motion to Stay, Motion for Order to Have Property Issued, and Motion to End Stay**

Brissette filed a motion to stay the proceedings (ECF No. 26) because he was transferred from Calipatria State Prison to California State Prison - Lancaster ("Lancaster"). Once installed at Lancaster, Brissette filed a motion for a Court order to have his property, including legal materials, issued to him, and for law library access. (ECF No. 28). Brissette then moved the Court to end the stay because Lancaster issued his property and legal materials to him, and (it appears) Lancaster is entertaining his request for law library access. (ECF No. 30). Thus, the issues raised in the three motions have been resolved. The motion to stay, the motion for an order to have property issued, and the motion to end the stay are denied as moot.

**IT IS SO ORDERED.**

Dated: April 30, 2013

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court