FILED

2013 MAY -1  AM 9:03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FLOYD BRISSETTE, SR.,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary, et al.,<br><br>Respondent. | Civil No. 12cv1096 AJB (WMc)<br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON RESPONDENT'S MOTION TO DISMISS**<br><br>**(ECF No. 20)** |

## Introduction

Petitioner, Thomas Brissette, proceeds *pro se* and *in forma pauperis* with a petition for writ of habeas corpus. (ECF No. 1). Brissette challenges the Board of Parole Hearings' ("Board") May 2007 initial parole denial and April 2010 administrative review denial. (ECF No. 1 at 7). On November 30, 2012, Respondent moved to dismiss the petition with prejudice as untimely. (ECF No. 20). Brissette filed an "objection/opposition" to Respondent's motion to dismiss but Brissette failed to address the substance of the motion. (ECF No. 22). The Court instructed Brissette to file an opposition addressing the substance of the motion to dismiss on or before January 18, 2013, but Brissette has yet to file a substantive opposition. (ECF No. 23).

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court of the Southern District of California.

## Factual and Procedural Background

Brissette was convicted of second degree murder on August 16, 1985 and sentenced to twenty-two years to life. (ECF No. 21-2, Lodgment 1 at 1). Brissette was first eligible for parole on February 1, 2003. (*Id.*) The Board held a parole consideration hearing on May 10, 2007. (*Id.*) The Board denied Brissette parole for five years. (*Id.*) On April 13, 2010, the Board conducted a three-year review and affirmed the May 10, 2007 denial. (ECF No. 21-7, Lodgment 6 at 2).

Brissette first challenged the Board's May 10, 2007 denial in a March 12, 2008 petition for writ of habeas corpus to the California Superior Court. (ECF No. 21-2). Brissette exhausted this claim on September 29, 2010. (ECF No. 21-5 at 1).

On November 9, 2010, Brissette challenged the Board's April 13, 2010 three-year review and denial in a petition for writ of habeas corpus to the California Superior Court. (ECF No. 21-7, Lodgment 6 at 1). The California Superior Court denied the petition on December 10, 2010. (*Id.*) Brissette exhausted his second petition on June 8, 2011. (ECF No. 21-10, Lodgment 9 at 3).

Brissette filed his federal habeas petition in the Ninth Circuit Court of Appeals on February 28, 2012. (ECF No. 1 at 22). The circuit court transferred the petition to this Court on May 3, 2012. (ECF No. 1 at 169).

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the dates on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made

retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). AEDPA's one-year time limit did not begin to run against any state prisoner before the date of the Act's enactment. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998). A prisoner with a state conviction finalized before April 24, 1996, therefore, had until April 24, 1997, to file a federal habeas petition on time. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, when the application for relief is no longer pending, the statute of limitations is no longer tolled. *See Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003) (a petition is "pending" only during one full round of collateral review in state court). "Pending" means "through the period of continuance . . . of" or "until the . . . completion of" the state habeas petition. *Id.* (citing *Carey v. Saffold*, 536 U.S. 214, 219, 122 S.Ct. 2134 (2002)). This definition executes "Congress' clear intent as manifest in AEDPA to bring rational finality to the lengthy process of collateral review." *Id.* at 1083. The tolling statute is meant "to encourage expeditious resolution of claims and to protect the federal courts from . . . attempting to resolve old and unpreserved claims." *Id.*

The AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)).

The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Id.* at 2565. The petitioner bears the burden of showing that "'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

**Analysis**

Respondent contends Brissette untimely filed the instant petition. Respondent concludes Brissette missed the AEDPA's one year statute of limitations mark by 459 days in regards to his first claim challenging the Board's May 2007 denial, and by 110 days in regards to his second claim challenging the Board's April 2010 three-year review. Respondent notes its conclusions credit Brissette for statutory tolling while his state habeas petitions were pending. The Court provides the following time-line of events:

**Board's May 2007 Denial**

| Date: | Event: |
|---|---|
| May 10, 2007 | Board denied Brissette parole; statue of limitations begins to run (28 U.S.C. § 2244(d)(1)(D) |
| | *307 days elapse until* |
| March 3, 2008 | Brissette petitions state superior court regarding May 10, 2007 denial |
| | *statute of limitations tolled until* |
| September 29, 2010 | California Supreme Court denies Brissette's petition |
| | *517 days elapse until* |
| February 28, 2012 | Brissette files his federal petition |

Accordingly, following the 307 days that elapsed following the Board's May 2007 denial, Brissette had 58 days to timely file a federal petition. However, Brissette waited 517 days to file, thus missing the AEDPA cutoff by 459 days.

///

///

### The Board's April 2010 Three-year Review

| Date: | Event: |
|---|---|
| April 13, 2010 | Board issued three-year review decision; statue of limitations begins to run (28 U.S.C. § 2244(d)(1)(D) |
| | *210 days elapse until* |
| November 9, 2010 | Brissette petitions state superior court regarding three-year review |
| | *statute of limitations tolled until* |
| June 8, 2011 | California Supreme Court denies Brissette's petition |
| | *265 days elapse until* |
| February 28, 2012 | Brissette files his federal petition |

Accordingly, following the 210 days that elapsed following the Board's April 13, 2010 decision, Brissette had 155 days to timely file a federal petition. However, Brissette waited 265 days to file, thus missing the AEDPA cutoff by 110 days.

In addition, Brissette does not claim, nor can this Court find, any reason to equitably toll the statute of limitations. Brissette's "objection/opposition" to Respondent's motion to dismiss fails to address the substance of the motion. (ECF No. 22). The Court instructed Brissette to file an opposition addressing the substance of the motion to dismiss on or before January 18, 2013, but Brissette has yet to file a substantive opposition. (ECF No. 23). Therefore, Brissette has failed to claim the Court should equitably toll his federal petition and has failed to provide the Court with any facts that might suggest he has diligently pursued his rights but some extraordinary circumstance stood in his way. *See Pace*, 544 U.S. at 418.

Although Brissette failed to substantively oppose Respondent's motion to dismiss, since the motion to dismiss Brissette filed a motion to appoint counsel (ECF No. 24), a motion to stay (ECF No. 26), a motion for order to have property issued (ECF No. 28), and a motion to end the stay (ECF No. 30). The Court has parsed these motions to determine their impact, if any, on Respondent's motion to dismiss. However, the Court

has denied those motions and does not appear Brissette's request for counsel or for a stay relate to any claims for equitable tolling. Further, Respondent filed the motion to dismiss on November 30, 2012 and the Court specifically instructed Brissette to substantively respond to the motion to dismiss on December 13, 2012. (ECF Nos. 20, 23). Brissette has had ample time to address the motion to dismiss but has failed to do so.

## Conclusion

Brissette's federal habeas corpus petition was filed more than one year after the date on which the factual predicate of his claim arose, and is therefore barred by the statute of limitations. Accordingly, the Court **RECOMMENDS** Respondent's motion be granted and the petition be dismissed with prejudice.

**IT IS HEREBY ORDERED** no later than **May 24, 2013** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS HEREBY FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than **May 31, 2013**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: April 30, 2013

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court