UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FLOYD BRISSETTE, SR., <br><br> Petitioner, <br><br> v. <br><br> MATTHEW CATE, Secretary, et al., <br><br> Respondents. | Civil No. 12cv1096 AJB (WMc) <br><br> ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION; GRANTING MOTION TO DISMISS WITH PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY <br><br> (Doc. Nos. 1, 33 and 37) |

Petitioner Thomas Floyd Brissette, Sr., a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents moved to dismiss arguing the petition was time-barred pursuant to 28 U.S.C. § 2244(d). On April 30, 2013, Magistrate Judge William McCurine filed a Report and Recommendation ("R&R"), recommending the Court grant Respondents' motion to dismiss. On March 31, 2013, Petitioner filed his objection to the R&R. (Doc. No. 37.) Following de novo review pursuant to 28 U.S.C. § 636(b)(1) and for the reasons set forth herein, the Court REJECTS Petitioner's objections to the R&R, ADOPTS IN FULL the R&R, and GRANTS Respondent's motion to dismiss WITH PREJUDICE.

## ***Background***

The R&R contains a complete and accurate summary of the proceedings in this case, and the Court fully adopts the Magistrate Judge's detailed background. In sum,

1  Brissette is serving a sentence of twenty-two years to life following his conviction for
2  second degree murder on August 16, 1985. (Doc. No. 21-2, Lodgment 1 at 1). Brissette
3  was first eligible for parole on February 1, 2003. (*Id.*) The Board held a parole consider-
4  ation hearing on May 10, 2007. (*Id.*) The Board denied Brissette parole for five years.
5  (ld.) On April 13, 2010, the Board conducted a three-year review and affirmed the May
6  10, 2007 denial. (Doc. No. 21-7, Lodgment 6 at 2).  Brissette first challenged the Board's
7  May 10, 2007 denial in a March 12, 2008 petition for writ of habeas corpus to the
8  California Superior Court. (Doc. No. 21-2).  Brissette exhausted this claim on September
9  29, 2010. (Doc. No. 21-5 at 1).

10  On November 9, 2010, Brissette challenged the Board's April 13, 2010 three-year
11  review and denial in a petition for writ of habeas corpus to the California Superior Court.
12  (Doc. No. 21-7, Lodgment 6 at 1). The California Superior Court denied the petition on
13  December 10, 2010. (*Id.*) Brissette exhausted his second petition on June 8, 2011. (Doc.
14  No. 21-10, Lodgment 9 at 3).

15  Brissette filed his federal habeas petition in the Ninth Circuit Court of Appeals on
16  February 28, 2012. (Doc. No.1 at 22). The circuit court transferred the petition to this
17  Court on May 3, 2012. (Doc. No.1 at 169).

18  The Respondent moved to dismiss the instant petition as time barred arguing
19  Brissette exceeded AEDPA's one year statute of limitations mark by 459 days with regard
20  to his first claim challenging the Board's May 2007 denial, and by 110 days with regard
21  to his second claim challenging the Board's April 2010 three-year review. Respondent
22  notes its conclusions credit Brissette for statutory tolling while his state habeas petitions
23  were pending.

24  On December 12, 2013, Brissette filed an opposition to the motion to dismiss that
25  focused solely on the late filing of the motion to dismiss and failed to respond on the
26  merits of Respondents' argument that the Petitioner's claims were time barred.

## *Discussion*

In the Petitioner's seventy-seven page objection to the R&R, the Petitioner argues that the Court should have entered default judgment for the Petitioner when the Respondents filed an untimely motion for extension of time to answer the petition.[1] The Petitioner also argues that his habeas petition should be granted because he is being imprisoned beyond the length of his lawful sentence in violation of his plea agreement, which he argues is a breach of state contract law which renders AEDPA "a moot issue and not applicable to this matter." *See* Doc. No. 37, p. 8-9.

In a separate attached memorandum of points and authorities which begins at page 12 of the objection, the Petitioner goes on at length about the history of indeterminate sentencing in California and concludes by arguing that he has served the agreed upon term for his crime and therefore the state has no further lawful authority to hold him in prison. *See* Doc. No. 37, at 12-22.

The remaining pages of the Petitioner's Objection are the following separate attached exhibits: 1) Exhibit A is a criminal history report for the Petitioner (pp. 24-30); 2) Exhibit B which is the transcript of the Petitioner's Plea Agreement and the Petitioner's Abstract of Judgment (pp. 32-42); 3) Exhibit C which is the transcript of the Petitioner's Guilty Plea, Parole Consideration Hearing Transcripts and state habeas petitions and decisions (pp. 44-77).

The only attempt by the Petitioner to address the Magistrate Judge's ruling are his arguments that his petition is not time barred because:

> The date that petitioner signed for his copy of the transcripts of the hearing, a general information 128B chrono dated 7*31*2007 Equatable toll did not starte until that date of petitioners signature. Then see Ex.(2)Within 90 days of reception of the transcripts petitioner filed in Case No HCPB07-5180 on october 19th of 2007 in the superior court of California County of Del Norte. Also see exhibits(3),(4),(5),and (6)All showing that Petitioner is well within the time constrainghts.

---

[1] Respondents Answer was due on September 9, 2012, however, the Respondents did not file a request for an extension of time until October 31, 2012. *See* Doc. Nos. 10 and 16.

*See* Doc. No. 37, at p. 9:15-21.  The Petitioner's objection presents no argument or evidence that contradicts the Magistrate Judge's findings as set forth below.

### I. Statute of Limitations

The R&R sets forth the correct legal standards the Court must apply in considering whether the current petition is time barred. Habeas petitions are governed by a one-year period of limitation, and Petitioner's one-year statute of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

#### A. Statutory Tolling

The one-year limitations period for habeas petitions is tolled when a properly filed petition for habeas relief is pending in state court. 28 U.S.C. § 2244(d)(2). The limitations period is also tolled as "pending" between a state court's disposition of a habeas petition and the filing of an appeal or petition at the next state appellate level, so long as the petitions are filed within a "reasonable time"[2] of each other. *Carey v. Safold*, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

In this case, the R&R correctly concluded that the statute of limitations began running on May 10, 2007.  The Petitioner waited 307 days before challenging the May, 10, 2007 denial of parole by filing his state petition in superior court on March 3, 2008. The statute of limitations was tolled until the California Supreme Court denied this petition on September 29, 2010.  However, on September 29, 2010, the statute of limitations began to run and Brissette did not file his federal petition until February 28, 2012, which was 517 days later, thereby missing the AEDPA cutoff by 459 days. *See Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004).  Based on the Court's review of the record, including the R&R and Petitioner's Objection, the Court concludes the Petitioner is not entitled to statutory tolling beyond that set forth in the R&R.

---

[2] What constitutes a "reasonable time" is determined by state law. *Id.* Analyzing what constitutes a "reasonable time" under California law, the Ninth Circuit has recently held that delays of 115 and 101 days between state habeas petitions were unreasonable. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010).

### B. *Equitable Tolling*

The R&R properly sets forth the legal standard for determining whether a habeas corpus petitioner is entitled to equitable tolling of the statute of limitations. A petitioner is only entitled to equitable tolling "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (citing *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999)). The Petitioner did not claim equitable tolling in response to the Respondents' motion to dismiss, nor could the Magistrate Judge find any reason to equitably toll the statute of limitations. In his objection, the Petitioner claims for the first time that he is entitled to equitable tolling based on his October 19, 2007 filing of a habeas petition with the superior court in Del Norte. The Petitioner also points the Court to Exhibits (3), (4), (5) and (6) and contends that they all show that Petitioner is not statutorily barred. As a preliminary matter, the exhibits attached to the objection and the Petition are labeled alphabetically, not numerically, so it is unclear what precisely the Petitioner is referring to. However, neither the improper filing of his petition with the superior court in Del Norte nor any of the exhibits attached to the objection by the Petitioner provide the Court with any facts that would demonstrate that an extraordinary circumstance interfered with his ability to diligently pursue his rights. Based on the Court's review of the record, including the R&R and Petitioner's Objection and attachments thereto, the Court concludes there are no extraordinary circumstances present in this case and the Petitioner is not entitled to equitable tolling.

Finally, this Court is under an obligation to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed.

2d 931 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). The Court must either (1) grant the certificate of appealability indicating which issues satisfy the required showing or (2) state why a certificate should not issue. Fed. R. App. P. 22(b).  Since this petition was filed well outside of the limitations period, the Court finds that the Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### *Conclusion*

Based on the foregoing, the Court ADOPTS IN FULL Magistrate Judge McCurine's well-reasoned Report and Recommendation and GRANTS Respondent's motion to dismiss. The petition is DISMISSED WITH PREJUDICE. The Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED:  June 21, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge